**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
GREGORY WOMACK,              :
                             :    Civil Action No. 06-2810 (JAG)
          Plaintiff,         :
                             :
     v.                      :    OPINION
                             :
SEARS DEPT. STORE, et al.,   :
                             :
          Defendants.        :
```

**APPEARANCES:**

Plaintiff pro se
Gregory Womack
Hudson County Correctional Facility
35 Hackensack Avenue
Kearny, NJ 07032

**GREENAWAY, JR.**, District Judge

Plaintiff Gregory Womack, a prisoner confined at Hudson County Correctional Facility in Kearny, New Jersey, seeks to bring this action in forma pauperis, pursuant to 28 U.S.C. § 1915.

I.  BACKGROUND

The following factual allegations are taken from Plaintiff's Complaint and are accepted as true for purposes of this review.

Plaintiff describes the events of October 19, 2005, surrounding his interrogation and arrest, apparently for shoplifting, at the Sears Department Store at Newport Mall.

Plaintiff contends that he was falsely arrested and maliciously prosecuted.

On the civil cover sheet attached to his Complaint, Plaintiff names as Defendants Sears Department Store, John Alexander, Anita Singh, and David Jefferson.  Plaintiff asserts that this Court has diversity jurisdiction over this action, pursuant to 28 U.S.C. § 1332.

## II.   STANDARDS FOR A SUA SPONTE DISMISSAL

This Court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court

need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)).  The standard for evaluating whether a complaint is "frivolous" is an objective one. Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).  Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

### III.   ANALYSIS

Federal Rule of Civil Procedure 8(a) requires the plaintiff in a federal action to set forth "a short and plain statement of

the grounds upon which the court's jurisdiction depends." Federal courts are bound to determine whether they have jurisdiction even if none of the parties to an action have challenged the asserted bases therefor.  Packard v. Provident National Bank, 994 F.2d 1039 (3d Cir.), cert. denied sub nom. Upp v. Mellon Bank, N.A., 510 U.S. 964 (1993); Temple Univ. v. White, 941 F.2d 201 (3d Cir. 1991), cert. denied sub nom. Snider v. Temple Univ., 502 U.S. 1032 (1992); TM Marketing, Inc. v. Art & Antiques Assocs., L.P., 803 F. Supp. 994 (D.N.J. 1992).  Indeed, "a plaintiff, suing in a federal court, must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court ... must dismiss the case, unless the defect be corrected by amendment."  Smith v. McCullough, 270 U.S. 456, 459 (1926).  A court can take no measures to rectify a want of jurisdiction, because the lack of jurisdiction itself precludes asserting judicial power.  See First American Nat'l Bank v. Straight Creek Processing Co., 756 F. Supp. 945 (E.D. Va. 1991) (where diversity of parties is incomplete, court has no jurisdiction to consider plaintiff's motion to dismiss non-diverse defendants; rather, court must dismiss action for lack of jurisdiction).

    Here, Plaintiff asserts that this Court has diversity jurisdiction under 28 U.S.C. § 1332.  Section 1332 provides

4

jurisdiction over state-law claims if, in the provision pertinent here, such claims are between "citizens of different States."  It has long been recognized that, to found jurisdiction upon § 1332, there must be complete diversity among all parties, i.e., each plaintiff must be a citizen of a different state from each defendant.  Owen Equipment and Erection Co. v. Kroger, 437 U.S. 365 (1978).  In particular, if a sole plaintiff and any one of several defendants are citizens of the same state, complete diversity is lacking and the action would have to be dismissed for lack of jurisdiction.  Id.  In the present case, Plaintiff is domiciled in New Jersey.  Plaintiff does not provide the domiciles of the various individual defendants.  A corporation, such as Sears Department Store, is "deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  28 U.S.C. § 1332(c).  Plaintiff makes no allegation as to the citizenship of Defendant Sears Department Store.  Thus, this Court cannot determine whether it has diversity jurisdiction over the claims asserted here, which this Court construes as state-law tort claims.[1]

To the extent Plaintiff intends to assert a federal claim over which this Court would be able to exercise jurisdiction, pursuant to 28 U.S.C. § 1331, the Complaint also fails to allege

---

[1] This Court notes that Plaintiff has alleged an amount in controversy in excess of the $75,000 requirement of 28 U.S.C. § 1332(a).

facts sufficient to enable this Court to determine its jurisdiction.

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

Here, Plaintiff fails to provide any information about the individual defendants.  Thus, this Court is not able to determine whether they are "state actors" for purposes of § 1983 and federal-question jurisdiction.[2]

---

[2] The allegations against Sears Department Store do not permit this Court to find that Sears Department Store is a state actor.  If the other defendants were state actors, however, this Court might be able to exercise supplemental jurisdiction over a state-law tort claim against Sears Department Store.  See 28

Finally, Rule 8(a) of the Federal Rules of Civil Procedure also requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." While a plaintiff "need not plead facts," so long as the complaint meets the notice pleading requirements of Rule 8, see Alston v. Parker, 363 F.3d 229, 233-34 and n.6 (3d Cir. 2004), a complaint must plead facts sufficient at least to "suggest" a basis for liability, Spruill v. Gillis, 372 F.3d 218, 236 n.12 (3d Cir. 2004) (clarifying Alston).

Here, Plaintiff fails to allege any facts in the Complaint about the individual defendants John Alexander, Anita Singh, and David Jefferson. In a Complaint such as this, alleging multiple claims against multiple defendants, it is imperative that the complaint conform to the requirements of Rule 10(b), which requires that all averments of claim "shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances." Thus, the Complaint suggests no basis for liability with respect to these individual defendants.

This Court is mindful that Plaintiff appears here as a pro se plaintiff and therefore his complaint is to be held to less stringent standards than formal pleadings drafted by lawyers. Nonetheless, "[t]he person asserting jurisdiction bears the

---

U.S.C. § 1367(a).

7

burden of showing that the case is properly before the court at all stages of the litigation." Packard v. Provident Nat'l Bank, supra, 994 F.2d at 1045.

## IV. CONCLUSION

For the reasons set forth above, the Complaint ordinarily would be subject to dismissal for lack of jurisdiction or, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim. However, because it is conceivable that Plaintiff may be able to supplement his pleading with facts sufficient to establish jurisdiction or to state a claim, this

Court will grant Plaintiff leave to file an amended complaint.[3,4]

An appropriate order follows.

                                         S/Joseph A. Greenaway, Jr.
                                         JOSEPH A. GREENAWAY, JR., U.S.D.J.

Dated: October 5, 2006

---

[3] Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint]."  6 Wright, Miller & Kane, Federal Practice and Procedure § 1476 (2d ed. 1990) (footnotes omitted).  An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit.  Id.  To avoid confusion, the safer course is to file an amended complaint that is complete in itself.  Id.

[4] Plaintiff may not have known that, even if he is granted in forma pauperis status, he must pay the full amount of the $350 filing fee.  28 U.S.C. § 1915(b)(1).  In each month that the amount in Plaintiff's institutional account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of the prisoner shall assess, deduct from Plaintiff's account, and forward to the Clerk of the Court payment equal to 20% of the preceding month's income credited to the prisoner's account.  28 U.S.C. § 1915(b)(2).  In addition, the Court must dismiss the case if it finds that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  If the Court dismisses the case for any of these reasons, § 1915 does not permit Plaintiff to get his filing fee back.  In addition, any such dismissal will count as a "strike" for purposes of § 1915(g).  Because Plaintiff may not have known of the consequences of applying for leave to proceed in forma pauperis, this Court will take no action on the Application for leave to proceed in forma pauperis until Plaintiff indicates his intention to proceed with this action by filing an amended complaint.